## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **Case No. 14-03006-01-CR-S-MDH** |
| **v.** | |
| **RONALD JAMES MAZZA**, | |
| **Defendant.** | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

Comes now the United States of America, by and through its undersigned counsel, in response to the defendant's sentencing memorandum in support of a downward variance. (Doc. 34). The defendant suggests that the Court should impose a sentence below the advisory sentencing guideline range of 960 months' imprisonment. In support of this motion, the defendant points to (1) his troubled childhood, (2) mental health issues, and (3) what he characterizes as an "extremely low" risk of sexual recidivism. The Government maintains that a variance from the guidelines is totally inappropriate given the horrendous nature of the crimes.

## FACTUAL BACKGROUND

On December 3, 2013, Amy Mazza contacted the Springfield Police Department to report that she had found digital photographs of two minor children depicted in a sexually explicit manner on a computer she shared with her husband, Ronald Mazza.

1

Upon arrival at the Mazza residence, the officers were met by Ms. Mazza, who escorted the officers to the computer on which she found the illicit imagery. Several photos were displayed on the monitor, depicting five-year-old Jane Doe performing oral sex upon an adult male, identified as the defendant. Other images depicted three-year-old John Doe in a sexually explicit manner.

As the officers were in the process of seizing the computer, the defendant arrived at the home and was immediately placed under arrest. The defendant was later interviewed at the Greene County Jail by Detectives Jeffrey Burnett and Annesha Umbarger of the Springfield Police Department. The defendant claimed that he first began viewing child pornography in an effort to catch online predators and report them to a website called "Perverted Justice." The defendant indicated that he chatted with collectors of child pornography, who would send him videos depicting child pornography. The defendant also downloaded child pornography utilizing filesharing software. The defendant acknowledged that he kept a collection of child pornography on his computer.

The defendant initially claimed that he did not remember taking sexually explicit pictures of Jane Doe and John Doe, but later admitted that he began taking said pictures in September, 2013. The defendant confessed that he took the pictures so that he could trade the pictures for more child pornography via Yahoo! Messenger. The defendant indicated that he had distributed sexually explicit photographs of the children to at the least two other users in exchange for depictions of child pornography.

The defendant confessed to engaging in oral sexual intercourse with Jane Doe on

multiple occasions and creating video and still images of the sexual abuse. The defendant also acknowledged taking pictures of John Doe while touching his penis. The defendant stated that he received sexual gratification from viewing child pornography and called himself a "sick bastard."

During the ensuing forensic examination of the defendant's computer, approximately 432 images and 61 videos depicting child pornography. Five videos and 53 images contained sexually explicit depictions of Jane Doe and John Doe. The National Center for Missing and Exploited Children has reported that the images of John Doe and Jane Doe produced by the defendant have been recovered in multiple unrelated child pornography investigations, indicating that those images are now circulating the internet.

### ARGUMENT

The defendant is now scheduled to appear before the Court for sentencing after pleading guilty to two counts of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a), one count of receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252. There is not a plea agreement.

As noted above, the defendant requests that this Court vary downward from the applicable sentencing guidelines. The defendant does not specify a particular sentence or sentencing range he believes is appropriate for his crimes. The defendant points to abuse suffered he suffered as a child, his mental health conditions, and asserts that he poses a low risk of re-offense. The Government respectfully submits that there is absolutely no

3

basis for a downward variance given the unspeakable and enduring harm he caused the victims of his crimes.

In order to properly formulate a sentence, the District Court "must first calculate the Guideline range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 555 U.S. 350, 351, 129 S. Ct. 890, 891-892 (2009). A sentence that deviates from the applicable guideline range may be deemed reasonable "so long as the sentencing judge offers appropriate justification under the factors specified in 18 U.S.C. § 3553(a)." *United States v. Gnavi*, 474 F.3d 532, 537 (8th Cir. 2007) (citing *United States v. Claiborne*, 439 F.3d 479, 481 (8th Cir. 2006)). The further the district court varies from the applicable guidelines, "the more compelling the justifications based on the § 3553(a) factors must be." *Id*.

The defendant urges this Court to vary from the applicable guidelines predicated upon the assertion that he was physically and emotionally abused as a child, that he suffered from mental illness, and that he does not pose a risk of re-offense. The defendant provides no evidence to corroborate the assertion that he was physically and emotionally abused by his father or step-father. More importantly, there is no evidence to suggest this physical, rather than sexual abuse, is any way responsible for the egregious crimes perpetrated against two children.

In terms of the defendant's mental health, Dr. Kenneth Franks, retained by the defendant for these proceedings, opined that the defendant presently suffers from

Case 6:14-cr-03006-MDH    Document 35    Filed 06/22/15    Page 4 of 7

pedophilia, a depressive disorder, not otherwise specified, and a personality disorder, not otherwise specified, with borderline and narcissistic features. According to Dr. Franks, the defendant was clinically depressed at the time of the offense, and that his hunger for attention and acceptance prompted him to victimize the children left in his care. Dr. Franks, contrary to the assertions of the defendant, characterized his risk of a future sex offense as "moderate." The Government maintains that these personal characteristics of the defendant do not outweigh the remaining factors the Court must consider pursuant to 18 U.S.C. § 3553(a).

The severity of the defendant's crimes cannot be overstated. The defendant sexually victimized two children under the age of six. The younger child, who was three years old at the time of the offense, suffers from autism, which has resulted in developmental delays. These egregious crimes were further aggravated by the fact that the defendant not only took photographs of himself victimizing the children, but transmitted the resulting images to others. These images have been recovered in a number of other unrelated investigations. The images of sexual abuse produced by the defendant will, in all likelihood, remain in circulation for the rest of the victim's lives. The defendant also collected images of child pornography from the internet, including images depicting the sexual exploitation of infants. The impact that the defendant has had upon the lives of these children he victimized is nothing short of monstrous.

This Court must also impose a sentence that promotes respect for the law, provide adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. While the Government certainly recognizes that a guideline sentence in

this case would likely considerably exceed the defendant's life span, a sentence of 960 months sends an unmistakable message about the consequences for committing such terrible acts. Further, it unequivocally ensures that the public, and more importantly, the victims of his crimes, will never have to fear that the defendant will ever be released from imprisonment.

Finally, a guideline sentence would provide at least some semblance of a just sentence. Unfortunately, the defendant's crimes have deprived two children of any hope of anything resembling a normal life. A sentence below the applicable guidelines would inflict yet another injustice upon the young lives victimized by the defendant.

In sum, the sentence imposed on the defendant must necessarily protect the most vulnerable members of the public from the defendant's predations, afford an adequate deterrence to criminal conduct, reflect the seriousness of the offense, promote respect for the law, and, perhaps most importantly, provide just punishment for the offense. In this case, a sentence within the applicable sentencing guidelines is a fair and just sentence.

WHEREFORE, for all the foregoing reasons, the United States respectfully requests that the defendant's request for a downward variance be denied.

Respectfully submitted,
Tammy Dickinson
United States Attorney


By      */s /James J. Kelleher*
James J. Kelleher
Assistant United States Attorney

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on

June 22, 2015, to the CM-ECF system of the United States District Court for the Western

District of Missouri for electronic delivery to all counsel of record.

*/s/ James J. Kelleher*
James J. Kelleher
Assistant United States Attorney